# City of Cincinnati *v.* Paint Creek Collieries Co., Appellant.

*Landlord and tenant—Lease of municipal property—Action for rent—Defense—Denial of landlord's title—Affidavit of defense—Insufficiency.*

In an action by a municipality to recover rent due from a tenant of certain municipal real estate under a lease executed in pursuance of an ordinance of the city council, an affidavit of defense is insufficient as amounting to a denial by the tenant of the title of his landlord, and for indefiniteness, where it averred that the municipality had no power to acquire title to such property for other than municipal purposes; that the city did not hold title to the demised property; that the premises were held in trust for the public and that the lease was therefore void; but made no denial of the allegations that the defendant went into possession under the lease and paid a rental for part of the period, or that it had held and continued to hold peaceable, uninterrupted and full possession of the leased property.

Argued February 21, 1916.    Appeal, No. 215, Jan. T., 1915, by defendant, from judgment of C. P. Lackawanna Co., Nov. T., 1914, No. 234, for want of sufficient affidavit of defense in case of City of Cincinnati v. Paint Creek Collieries Company. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Assumpsit to recover rent due under a lease.

The facts appear from the opinion of EDWARDS, P. J., which in part is as follows:

According to the plaintiff's statement, the City of Cin-

cinnati, a municipal corporation of the State of Ohio, entered into an indenture of lease with the defendant on the first day of April, 1912. A copy of the lease is attached to and is a part of the statement. From the lease itself it appears that it was made in accordance with and by virtue of an ordinance of the city council, authorizing the directors of public service to lease the "said real estate to the highest bidder, according to law," &c. The lease is for a term of ten years, at the annual rent of $6,000, payable $500 monthly in advance. The defendant paid rent from April 1, 1912, to the last day of August, 1913. Plaintiff's present suit is for fourteen months' rent from September 1, 1913, to October 1, 1914, including the rent for October.

There is no denial in the affidavit of defense that the defendant went into possession under the lease, or that it paid the rent as stated, or that it has not paid the rent for the fourteen months sued for, or that it has been and is now in the peaceable, uninterrupted and full possession of the demised property.

The defendant alleges three grounds of defense: (1), That the City of Cincinnati had no power under its charter to acquire property for other than municipal purposes; (2), that the city does not have title to the property covered by the lease; and (3), that the city holds the premises in trust for the public, and therefore that the lease to the defendant is void.

Regardless of the main question of law involved, plaintiff claims that the allegations and statements in the affidavit of defense regarding the three points of defense, are vague and indefinite and are mere conclusions of law. This criticism of the affidavit is well founded. The facts upon which the legal conclusions are sought to be based are not set forth with sufficient distinctness. Proper data should be given from which the conclusions in the affidavit would logically follow.

Passing the question of the sufficiency of the averments as tested by the requirements of good pleading,

plaintiff claims that, in substance, the defense, however well it may be stated, is insufficient in law to prevent judgment; and, that it is an attempt by a tenant who has enjoyed peaceable possession of the premises, under a lease, to deny his landlord's title in an action brought by the landlord to recover rent. This objection to the affidavit in the present case is well taken.

There is no rule of law better settled by the decisions, in nearly all jurisdictions, "that a tenant in undisturbed possession of the demised premises is estopped to deny the title of his landlord, as such title existed in him at the time of the inception of the tenancy." As far as the pleadings in the present case show, the plaintiff was in possession of the leased land at the time the lease was executed. The defendant by accepting the lease and going into possession thereunder, impliedly admitted the title of the landlord. We cannot find that this case comes within any of the exceptions to the general rule. Defendant went into possession at the date of the lease; there was no fraud, mistake, duress or misrepresentation at the inception of the transaction; defendant's possession has remained undisturbed; there has been no eviction of the defendant from the premises or any part thereof, and neither the lessor nor the lessee has been disturbed in any way by a paramount title.

We have examined, among others, the following Pennsylvania cases: Elliott v. Smith, 23 Pa. 131; Howard v. Murphy, Ibid, 173; McGinnis v. Porter, 20 Pa. 80; Oakford v. Nixon & Zimmerman, 177 Pa. 76; Ewing v. Cottman, 9 Pa. Superior Ct. 444; Mohan v. Butler, 112 Pa. 590.

The law in the State of Ohio on the same question is in harmony with Pennsylvania law.

The lower court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned,* among others, was in entering judgment for want of sufficient affidavit of defense.

*R. S. Houck,* with him *H. R. VanDeusen,* for appellant.

*Charles A. Groom, Saul Zielonka, R. H. Harris, Warren, Knapp, O'Malley & Hill,* for appellee, were not heard.

PER CURIAM, March 13, 1916:

The judgment is affirmed on so much of the opinion of the learned court below, entering judgment for want of a sufficient affidavit of defense, as appears in the reporter's notes.