WALTER C. SOOY AND LIDA H. SOOY, APPELLANTS, v. CHARLES E. HENKELMAN, RESPONDENT.

Argued February 15, 1928—Decided May 14, 1928.

For the appellants, *Cole & Cole*.

For the respondent, *Emerson Richards*.

The opinion of the court was delivered by

TRENCHARD, J. In this action the plaintiffs below, in their complaint, sought to recover $5,000 claimed to have become due January 1st, 1927, as a part of the purchase price of certain real estate in Atlantic county, pursuant to the terms of a

written contract, and also to recover six months' interest amounting to $31,750 on the balance of the purchase price.

The defendant answered, denying that he had entered into any agreement for the purchase of this property, and averred that the writing, which is the subject-matter of this litigation was merely an option given to him by the plaintiffs for the purchase of the property. (We shall hereinafter point out that the plaintiffs' admission of the truth of that averment, as found in the pleadings, is really decisive of the present controversy.)

When the case came on for trial, the plaintiffs put in evidence the written agreement upon which they relied, and rested their case without any further testimony. The defendant thereupon moved for a nonsuit, and it was granted upon the ground that the paper-writing was not an agreement for the purchase and sale binding upon both parties, but an option given to the defendant to purchase, which he might exercise or not as he saw fit. The plaintiffs appeal from the judgment of nonsuit.

We are of the opinion that the trial judge was quite justified in dealing with the agreement as merely an option and not a contract for purchase.

The agreement provided that the parties of the first part (plaintiffs) "do hereby agree to sell unto the said party of the second part," the tract of land described therein, "for the sum of $1,083,333.33 * * * to be paid as follows: $10,000 on the execution of this agreement, the receipt whereof is hereby acknowledged; $15,000 by a promissory note made by the party of the second part in that amount payable November 1st, 1926; $5,000 payable January 1st, 1927, * * * the balance of $1,048,333.33 to be paid within ten years from the date hereof, with interest thereon at the rate of six per cent. per annum, payable semi-annually, upon the unpaid balance, the interest to commence on July 19th, 1926. Said parties of the first part agree to grant and convey such portions of said tract from time to time during the term of this agreement upon the party of the second part paying to the parties of the first part the sum of money taxed in schedule A attached hereto."

There was a further provision to the effect that upon failure of the party ·of the second part to perform, the party of the first part should "retain whatever may have been paid."

It thus appears that for a consideration of $25,000 (which was paid) the plaintiffs agreed to sell upon certain further payments being made within ten years, but nowhere in the agreement does the defendant agree to purchase the land or to make payment therefor.

Now, the rule is that whether an instrument in writing, transferring an interest in real estate, shall be construed as an absolute contract for sale and purchase, or only an option to purchase, depends not on any particular words or phrases, but on the intention of the parties to be derived from the instrument itself by a consideration of its parts, and when that is doubtful, from the circumstances attending it. *McHenry* v. *Mitchell,* 219 *Pa.* 297; *Barnes* v. *Rea,* 219 *Id.* 279.

The distinction between a contract to sell and purchase real estate and an option to purchase is that the former creates a mutual obligation on the one party to sell and on the other party to purchase, while the latter merely gives the right to purchase, within a limited time, without imposing any obligation to purchase. *Brickill* v. *Atlas Assurance Co.,* 10 *Cal. App.* 17.

An option and not a contract to purchase is effected by an agreement to sell real estate for payments to be made within a specified time and providing for forfeiture of money paid upon failure to make payment, where the purchaser (as here) does not agree to purchase, to make payment, or to bind himself in any way other than the forfeiture of the payments made. *Stelson* v. *Haigler* (*Colorado Supreme Court*), 165 *Pac. Rep.* 265; 3 *A. L. R.* 550. There the contract read:

"The party of the first part sells and agrees to convey to the party of the second part by warranty deed and abstract brought down to date of transfer, the same to show a marketable title, the following-described lands and water rights: * * *. The full purchase price of the above described lands and water rights being $131,000 to be paid as follows: $1,000 to be placed in escrow with the Exchange National Bank of Colorado Springs, to be turned over to the party of the first

part upon the finding of marketable titles by the party of the second part; $30,000 on or about December 1st, 1912; $100,-000 March 1st, 1918, the same to be evidenced by a promissory note bearing interest at the rate of six per cent. per annum payable semi-annually, to be secured by a first mortgage covering the aforesaid lands and water rights."

There then followed a provision that upon failure to perform the contract should be "forfeited and determined."

The court said:

"Under all settled rules of construction, the agreement between Stelson and Kloke was an option to purchase and not a contract of sale. Nowhere in the agreement does Kloke agree to purchase nor to make any payment nor to bind himself in any other respect aside from the forfeiture of the amount paid at the time the contract was made. Both Stelson and Kloke treated and construed the agreement as an option at the time and at all times since. * * * It may be laid down as an established rule of law that, unless the contract contains language which may reasonably be construed as an agreement on the part of the vendee to purchase the property, or to assume some obligation thereunder, it will be an option contract and not an agreement of sale and purchase. It is impossible to conceive of an agreement of sale and purchase without obligation on the part of the vendee to purchase. On the other hand, the absence of such obligation is a distinctive characteristic of an optional contract. A contract of sale creates mutual obligations on the part of the seller to sell, and on the part of the purchaser to buy, while an option gives the right to purchase, within a limited time, without imposing any obligations to purchase."

Tested by these rules the contract in suit, as we read it, is to be construed as an option to purchase and not as a contract of sale and purchase.

But if that construction were doubtful, the attitude of the plaintiffs toward it, as exhibited by their pleadings, is certainly conclusive of the matter.

The plaintiffs in their complaint averred "that they en-entered into an agreement in writing with Charles E. Henkelman [defendant] for the sale of certain real estate for the agreed sum of $1,083,333.33."

: As we have pointed out, the defendant answered, denying that he entered into an agreement for the purchase of the property, and alleged that the writing, which is the subject-matter of this suit, was merely "an option to purchase the lands," and that on November 30th, 1926, he informed the plaintiffs that he did not intend to exercise it. The plaintiffs in their reply admitted the truth of the statement in the defendant's answer that the agreement was an option.

No attempt was made by the plaintiffs to be relieved of that admission when the case came on for trial, and we think where, as here, both parties concede that the legal effect of the written instrument is to give an option to the defendant to purchase, rather than to bind him to make such purchase, the trial judge is quite justified in dealing with the case conformably to such concession.

· The result is that the judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KATZENBACH, CAMPBELL, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 10.

· *For reversal*—PARKER, KALISCH, BLACK, LLOYD, VAN BUSKIRK, JJ. 5.