## Warner Brothers Theatres, Inc., *v.* Proffitt et ux., Appellants.

Argued January 10, 1938.  Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Edw. D. McLaughlin,* with him *Harrold R. Gill,* for appellants.

*Morris Wolf,* of *Wolf, Block, Schorr & Solis–Cohen, Louis A. Bloom* and *D. Benjamin Kresch,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 21, 1938:

Appellee leased from appellants real estate for a term of years.  During the term he purchased a mortgage on the property which antedated the lease.  On default he foreclosed and purchased the property.  The lease contained an option agreement, by which appellee-tenant might purchase the property from the owner for a stipulated amount exceeding that actually expended by appellee in acquiring the property on foreclosure.  Appellants were also indebted to the tenant on two promissory notes.  In this action to recover on these notes,

the landlord attempted to set off and counterclaim the difference between the purchase price fixed in the option agreement and that paid by appellee at the sheriff's sale. Their theory was that the tenant's purchase of the property at sheriff's sale should be treated as an election to exercise the option right. The court below disregarded this claim and granted appellee's motion for judgment for want of a sufficient affidavit of defense, sustaining the statutory demurrer to appellants' set-off and counterclaim. Judgment was entered for the tenant for the amount due on the promissory notes.

Appellants' proposition is novel. They argue that between landlord and tenant there exists a relationship confidential to such an extent that though the latter may acquire for his own protection an outstanding encumbrance on the premises, he may not issue execution thereon; that, if he does, the action should be regarded as an election by law to exercise an option right.

Appellants, seeking for sustaining authority, advance, as a comparison, the right of a vendor of realty to call upon the vendee for the contract price of the land, though the latter has, since the contract, purchased the vendor's interest at sheriff's sale for a lesser figure: *Renshaw v. Gans,* 7 Pa. 117; *Garrard v. Lantz,* 12 Pa. 186; *Thompson v. Adams,* 55 Pa. 479. But in this line of cases where vendee contracts to buy and vendor to sell land for a certain price, though vendee in fact secures the property, not in pursuance of the agreement but at public sale, it has been held equitable that vendee should pay vendor the agreed price, with a deduction for the amount required to satisfy the encumbrance. The reasoning is that vendor's covenant of title has been performed with the removal of the mortgage encumbrance at sheriff's sale; that vendee could not have secured specific performance against another purchaser at the sheriff's sale save by paying the price specified in his contract with the original vendor, and should receive no advantage from the purely fortuitous circumstance

that he himself was the purchaser; *and, lastly, that vendee has received exactly that which he bound himself to buy.*

Whether we agree with this reasoning or not, it is apparent that the above cases are of no help to appellants' argument. A consideration of the nature of an option to purchase shows the failure of the analogy. An option is a contract to keep an offer open: Restatement of Contracts, sections 24, 46; 1 Williston on Contracts (1920), section 61. It contemplates a subsequent contract of sale, which will, however, only arise if the optionee elects to exercise his option rights by accepting the offer: *Boyer v. Nesbitt,* 227 Pa. 398, 405; *Barnes v. Rea,* 219 Pa. 279, 285; *McHenry v. Mitchell,* 219 Pa. 297, 301; *Wiles v. Gas Co.,* 7 Pa. Super. Ct. 562, 567; 1 Williston on Contracts, p. 108, note. The acceptance of an offer, to be effective, must be unequivocal *(Jaxtheimer v. Sharpsville Borough,* 238 Pa. 42, 57; *United Agencies v. Slotsky et al.,* 121 Pa. Super. Ct. 1, 8; Restatement of Contracts, section 58; 1 Williston on Contracts, section 72), and it must be transmitted to the offeror: *Morganstern Elec. Co. v. Coraopolis,* 326 Pa. 154, 157. An option presents no exception to this rule: *Markley v. Godfrey,* 254 Pa. 99, 103; *Henry v. Black,* 213 Pa. 620, 627; *Miller et al. v. Hays and McCrea,* 71 Pa. Super. Ct. 523; 2 Williston on Contracts, section 894. Until the optionee elects to purchase the property by an unequivocal acceptance, there is no contract for the sale of land. The optionee is not bound until he accepts the offer. Therefore it does not help appellants to point out what the result of appellee's conduct might be had there been a contract of sale. The mere fact that an optionee, like the vendee under a contract of sale, may have some interest in the land prior to the election to purchase, does not create a relationship between optionor and optionee that would compel this court to declare the purchase of the property by the latter on foreclosure an exercise of the option. In *Miller et al. v.*

*Hays and McCrea,* supra, it was held that the purchase of the property by the optionee during the life of the option agreement is not of itself an exercise of the option.

Nor does the fact that the parties here also occupied the relationship of landlord and tenant affect the conclusion that appellee did not take up the option. A tenant is estopped to deny his landlord's title as it existed at the inception of the lease *(Cincinnati v. Paint Creek Collieries Co.,* 252 Pa. 619; *Ewing v. Cottman,* 9 Pa. Super. Ct. 444; *Mineral R. R. and Mining Co. v. Flaherty,* 24 Pa. Super. Ct. 236), by claiming under an adverse title *(Lessee of Galloway v. Ogle,* 2 Binn. 468), nor can a tenant purchase an adverse title to defeat that of the landlord *(Russell v. Titus,* 3 Grant 295, and see *Elliott v. Smith,* 23 Pa. 131, 136). But a tenant may show that the landlord's interest has come to an end by expiration, by his own act, or by operation of law: *Smith v. Crosland,* 106 Pa. 413; *Mohan v. Butler,* 112 Pa. 590; *Elliott v. Smith,* supra; *Sinclair Refining Company v. Rareshide,* 23 Del. Co. Rep. 194. In *Elliott v. Smith,* the court held that a tenant could purchase his landlord's title at sheriff's sale. Appellants declare that a real difference exists between the *Elliott* case and the present case in that there the property was sold on a mortgage held, not by the tenant, but by a third person. But, since it is conceded by appellants that a tenant may purchase an outstanding mortgage on the leased property, the difference in the cases is not vital.

A tenant may purchase an outstanding mortgage antedating the lease, issue execution thereon upon default, and purchase the property at sheriff's sale thereby terminating the lease and all its provisions including an option to purchase.

Decree affirmed at appellants' cost.