[No. 12917. Department Two. November 17, 1915.]

## C. W. Maxham, *Respondent*, v. F. A. Berne *et al.*, *Appellants.*[1]

Appeal—Decisions Reviewable—Cessation of Controversy—Accepting Payment. Where the verdict and judgment in an action involving several claims and counterclaims represented the net result of the entire controversies, acceptance of payment of the final judgment and satisfaction thereof, works a cessation of the controversy; and an attempted appeal from that part of the judgment withdrawing certain counterclaims from the consideration of the jury will be dismissed.

Motion to dismiss an appeal from a judgment of the superior court for Pierce county, Card, J., entered January 19, 1915. Granted.

*L. B. da Ponte* and *J. W. Quick*, for appellants.

*F. D. Oakley*, for respondent.

Holcomb, J.—Respondent has moved to dismiss this appeal for the reasons that the judgment appealed from has been paid by respondent, fully satisfied of record, the controversies involved have ceased to exist, and appellants have released all errors assigned on appeal.

There was a very complicated controversy between the parties, involving accounting between them after a dissolution of copartnership. Previous to this action, there had been some litigation between them. In this action there were

[1]Reported in 152 Pac. 673.

involved a number of claims sued for by respondent, and counterclaims of appellants. The case was tried on June 30, 1914. The trial judge directed a verdict for respondent in the sum of $197.82, and submitted to the jury for determination a counterclaim for $325 on the part of appellants for new rails purchased, in excess of the amount allowed by the dissolution agreement, but withdrew from their consideration certain other counterclaims set up by appellants which were rejected by the court. The jury allowed appellants $262.43, from which was deducted the $197.82 allowed by the direction of the court in respondent's favor, leaving a balance of $64.61 in appellants' favor, for which a verdict was rendered and entered, and on January 19, 1915, judgment therefor, together with $106 costs, was entered. Respondent paid the amount of the total judgment, $173.45, including interest, into the registry of the court in full satisfaction of the judgment, and on May 1, 1915, after giving notice of appeal, appellants received and accepted the above sum and satisfied the judgment in the following terms:

"Received $173.45 in full satisfaction of above judgment and attorney's lien, this 1st day of May, 1915.
              "L. B. da Ponte, Attorney for Defendant."

The only judgment entered is as follows:

"It is therefore ordered, adjudged and decreed that the defendants F. A. Berne and wife do have and recover of and. from the plaintiff C. W. Maxham, the sum of $64.61 and the costs of this action taxed in the sum of $106, together with interest thereon from July 3, 1914, at six per cent."

This was the final judgment for and against both parties, although there were recitals preceding the judgment of the disposition of the other matters at the trial.

Appellants attempted by their notice to appeal from "that part of the judgment denying the right to recover from plaintiff for the items claimed in paragraph 12, subdivisions A, C, D, E, and F, of their cross-action, and from the order and judgment of the court entered overruling defendants' mo-

tion for judgment on said cross-action." But all of the above matters were part and parcel of the final result, the judgment. They could not be separated from it. The verdict arrived at and the judgment entered were the net result of the entire controversies and proceedings.

The judgment appealed from was satisfied. The controversy ceased. The questions presented on appeal are naught but moot questions. Following the uniform and well settled practice in this state, the appeal must be dismissed. *State ex rel. Scottish-American Mortgage Co. v. Meacham*, 17 Wash. 429, 50 Pac. 52.

It is so ordered.

MORRIS, C. J., PARKER, MOUNT, and MAIN, JJ., concur.