[Sac. No. 2262.   Department One.—June 8, 1917.]

SARAH A. WINCHESTER, Appellant, v. GEORGE E. WINCHESTER, Respondent.

COMMUNITY PROPERTY—CONVEYANCE BY HUSBAND WITHOUT CONSIDERATION—AVOIDANCE BY WIFE.—Under section 172 of the Civil Code, a deed of community property made by the husband, without consideration and without the written consent of his wife, is not binding upon the wife, and may be avoided by her.

ID.—PAROL EVIDENCE OF CONSIDERATION—LEGAL EFFECT OF DEED CANNOT BE DEFEATED.—Parol evidence, while admissible to show that the true consideration of a contract was not that which the contract recites, is inadmissible in the case of a deed, when thereby the legal operation of the instrument to pass the entire interest according to the purpose therein designated would be defeated.

ID.—DEED OF ENTIRE TITLE IN FEE SIMPLE—EVIDENCE SHOWING RESERVATION TO GRANTOR.—Parol evidence of the real consideration for a deed purporting to convey the entire title in fee simple is inadmissible, when the effect of the evidence would be to change the deed from a conveyance of the entire fee into a conveyance with a reservation to the grantor, during his lifetime, of the rents and profits of the land conveyed.

ID.—CONSIDERATION FOR DEED—AGREEMENT TO PAY ANNUITY TO GRANTOR.—Land acquired by the husband during the existence of the marriage relation, in consideration of his agreeing to pay the grantor a certain sum of money during each year of the latter's life, is

community property. The fact that the payments were made out of the profits of the land would not alter the effect of the transaction in this respect.

APPEAL from a judgment of the Superior Court of Lassen County, and from an order refusing a new trial. H. D. Burroughs, Judge.

The facts are stated in the opinion of the court.

W. M. Boardman, and L. P. Boardman, for Appellant.

R. M. Rankin, and Grover C. Julian, for Respondent.

SHAW, J.—This is an action by the plaintiff Sarah A. Winchester, in her own behalf and as administratrix of the estate of L. E. Winchester, her husband, against the defendant to cancel a deed executed by her said husband during the marriage, purporting to convey to the defendant George E. Winchester a certain tract of land acquired by L. E. Winchester during the said marriage, and to declare that the plaintiff is the owner of said land. Judgment was given for the defendant. The plaintiff appeals from the judgment and from an order denying her motion for a new trial.

The plaintiff and L. E. Winchester were married in 1884, and thereafter they lived together as husband and wife until the death of L. E. Winchester, on March 1, 1912. L. E. Winchester acquired the land on November 21, 1906, by deed from his father, Elliot Winchester. The deed recited a consideration of three hundred dollars. The conveyance by L. E. Winchester to George E. Winchester was made on February 29, 1912, without a valuable consideration, as a gift to George, and without the written consent of the plaintiff.

It is the claim of the plaintiff that the land was community property, and that the deed of the husband thereof having been made without consideration, was not binding upon the wife, but may be avoided by her. This would be the effect of such a deed under section 172 of the Civil Code. This action was brought to assert this claim.

The defendant admitted the making of the deed of gift by L. E. Winchester to George E. Winchester without the consent in writing or otherwise of the wife, but asserted that the deed from Elliot Winchester to L. E. Winchester whereby the

latter acquired title to the land was a gift from the grantor to the grantee, in consequence whereof said land became the separate property of L. E. Winchester instead of community property, wherefore, he says, the deed of gift by L. E. Winchester to him, being of the separate property of the husband, was valid and free from interference by the plaintiff as the surviving wife of L. E. Winchester. The question whether it was community property, or the separate property of L. E. Winchester, is the point at issue upon this appeal.

On November 21, 1906, Elliot Winchester and L. E. Winchester executed a contract in writing whereby L. E. Winchester agreed to pay to Elliot Winchester annually, as long as the latter should live, the sum of three hundred dollars, and in case the wife of said Elliot survived him, to pay said wife an additional sum of three hundred dollars after his death; in consideration whereof the said Elliot Winchester agreed to convey to L. E. Winchester the tract of land in controversy, in fee simple. Contemporaneously with the execution of this contract, and as a part of the same transaction, the deed was executed by Elliot Winchester to L. E. Winchester. Evidence was offered and admitted over the objection of the plaintiff to the effect that in the conversation between the parties leading up to and immediately preceding the execution of said contract and deed, the parol understanding was that Elliot Winchester should make a gift of the property to L. E. Winchester, but should reserve the rents and profits thereof, so long as Elliot lived, and that the contract and deed were executed to carry out this intention to make a gift and reserve the rents and profits. It was upon this evidence that the defendant based his claim that the conveyance from Elliot Winchester to the plaintiff's husband was a deed of gift, the effect whereof would be that the property became the separate estate of said husband and not the community property of the marriage.

The defendant's theory is that, although the evidence was not admissible to vary the terms of the deed so as to change or defeat its effect as a conveyance of the title to the land, nevertheless it was properly admissible to contradict the recital of the deed as to the consideration thereof and to show the real consideration. If this were the only effect of the evidence it might have been competent. But it was not the only effect. Parol evidence is admissible to show that the

true consideration of a contract was not that which the contract recites, that it was something different, either a different valuable consideration, or a good consideration, such as love and affection, instead of the valuable consideration recited. (Code Civ. Proc., sec. 1962, subd. 2.) But evidence of this character cannot be allowed, in the case of a deed, "when thereby the legal operation of the instrument to pass the entire interest according to the purpose therein designated would be defeated." (*Hendrick* v. *Crowley,* 31 Cal. 475; *Mowry* v. *Heney,* 86 Cal. 475, [25 Pac. 17].) The conveyance from Elliot Winchester to L. E. Winchester, being in form a grant, bargain, and sale deed, its legal effect, according to its terms, was to immediately pass from Elliot Winchester to L. E. Winchester the entire title in fee simple to the land described, the present absolute ownership thereof. (Civ. Code, secs. 679, 762, 1105.) The fee-simple estate thus passed included the present absolute right to all the rents and profits, free from any and every claim of the grantor thereto. The effect of the evidence introduced, if it could have the effect intended by the respondent, would be that instead of the deed being a conveyance of the entire fee, it would be a conveyance with a reservation to the grantor, during his lifetime, of the rents and profits of the land conveyed, to the amount of three hundred dollars a year. To the extent of the reservation of the rents during the life of the grantor, which constituted a substantial part of the fee-simple estate which the deed by its terms purported to convey, the agreement shown by parol evidence would have defeated the conveyance. Under the rule above stated it was incompetent and inadmissible for that purpose. The court below erred in so far as its decision was based on this parol evidence. The rights depend on the effect of the deed and the agreement aforesaid.

This writing was not a contract for the execution of a deed to L. E. Winchester as a gift with a reservation of rents during the lifetime of the grantor, or otherwise. It was a contract of purchase whereby L. E. Winchester agreed to pay to Elliot Winchester each year of the latter's life the sum of three hundred dollars and to the wife of Elliot, if she survived, an additional sum of three hundred dollars, in consideration whereof Elliot Winchester agreed to convey the land in controversy to L. E. Winchester in fee simple. By the terms of the writings, therefore, and they are binding

upon the parties, it was not a deed of gift, but a purchase of land, for a valuable consideration, made during the existence of the marriage relation, and it was to be paid for and was paid for out of the earnings of the husband and wife during the marriage. It would therefore be community property. The fact that the payments may have been made out of the profits of the land would not alter the effect of the transaction in this respect. The profits derived from land so purchased would constitute earnings of the community and would be community property.

The court should have concluded that the property was the community property of the spouses and that the plaintiff was entitled to have the deed canceled in so far as her interests were concerned, and to have adjudged to her the interest to which she was entitled under the law by reason of the fact that the community real estate had been given away by the husband, during the marriage, without her written consent. Whether her right extends to the whole estate, or only to the share which she would take of the community property by inheritance, is a question not discussed and which we cannot now consider.

The judgment and order are reversed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.