[Civ. No. 3173.   Third Appellate District.—September 14, 1926.]

B. K. COLLIER, Respondent, v. J. CAL. JOHNSON et al., Appellants.

[1] LANDLORD AND TENANT—TITLE OF LANDLORD—DENIAL BY TENANT—TIME—ESTOPPEL—EXCEPTIONS.—While subdivision 4 of section 1962 of the Code of Civil Procedure, which provides that "a tenant is not permitted to deny the title of his landlord at the time of the commencement of the relation," limits that denial to the time of the commencement of the tenancy, it is also the rule that the estoppel applies during the entire period of the tenancy; and such estoppel has certain well-defined exceptions, to wit, the extinguishment of the landlord's title by operation of law, such as an execution sale, and also the acquisition of the title by the tenant through conveyances from the landlord.

[2] ID.—TITLE PLACED IN ISSUE BY LANDLORD—EXCEPTION TO RULE—ESTOPPEL—PLEADING.—Another exception to the rule estopping a

---

1. See 15 Cal. Jur. 651; 16 R. C. L. 667, 668.
2. See 15 Cal. Jur. 652.

tenant from denying a landlord's title is given effect when the landlord, by the form of procedure instituted by him, puts his title in issue; thus, if the landlord not only seeks possession of the premises, but asks that the title be vested in him, the tenant is not estopped from disputing the landlord's title and may set up his own superior title.

(1) 35 C. J., p. 1243, n. 15, 16, p. 1244, n. 34, 35, 37.   (2) 4 C. J., p. 1195, n. 96; 35 C. J., p. 1233, n. 32.

APPEAL from a judgment of the Superior Court of Siskiyou County.  Claude F. Purkitt, Judge.  Reversed.

The facts are stated in the opinion of the court.

James D. Fairchild for Appellants.

Collier & Barta for Respondent.

PLUMMER, J.—This is an action to quiet title and to recover possession of certain real estate. Plaintiff had judgment upon the pleadings and the defendant Johnson appeals.

The plaintiff's complaint alleges that on the thirty-first day of May, 1920, the plaintiff let the defendant Johnson into the possession of the Oregon Bar mining claim, together with certain improvements thereon, describing the situation of the claim; that on or about the month of April, 1922, the defendant Johnson let one F. W. Edsall into possession of said property without the consent of the plaintiff. Edsall was made a defendant in the action, but he is not an appellant here. The complaint further alleges that on the thirty-first day of May, 1920, the plaintiff was the owner of said mining claim and of all improvements thereon and was the owner of said mining claim at the time of the beginning of the action; that the defendants and each of them claim an estate or interest in said property adversely to the plaintiff; that the claims of the defendants were without right, etc. The prayer of the complaint is as follows: "That defendants and each of them be required to set forth the nature of his claim; that all adverse claims of the defendants and each of them may be determined by a decree of this court; that by said decree it be declared and adjudged that defendants and

each of them have no right, title or estate whatever in and to said lands and premises; that the title of plaintiff be declared and adjudged good and valid; that defendants and each of them, be forever enjoined and debarred from asserting any claim whatever in said lands and premises, adverse to plaintiff," and that the defendants be ejected from said premises and the possession thereof be restored to the plaintiff.

The amended answer of the defendant Johnson denied that the plaintiff had title to said premises on the thirty-first day of May, 1920; also denied that the plaintiff had the present title to said premises. The answer further alleged that the assessment work was not done upon said mining property during the year 1921; that in 1922 the defendant Johnson vacated said premises; that on the eleventh day of April, 1922, said premises being vacant, unappropriated mining ground, said Edsall discovering valuable minerals thereon, located the same as a mining claim; that thereafter and on the twenty-second day of October, 1923, said Edsall, for a valuable consideration, conveyed said premises to the defendant Johnson. The answer admits plaintiff let the defendant Johnson into possession of said premises on or about the thirty-first day of May, 1920, but denies the allegation of the complaint that the defendant was to do any assessment work thereon, but was to make $50 worth of improvements. Upon these pleadings the court granted the plaintiff's motion for judgment according to the prayer of plaintiff's complaint.

We think the record satisfactorily establishes that the defendant Johnson was let into possession of the described premises by the plaintiff as a tenant of the plaintiff, although the terms and conditions of that tenancy are not pleaded with any great degree of accuracy in the plaintiff's complaint, and that if the issue of possession of said premises only had been tendered to the trial court, subdivision 4 of section 1962 of the Code of Civil Procedure and the decisions of the courts extending that rule during the continuation of the tenancy and until possession had been restored by the tenant to the landlord, would apply to wit: "A tenant is not permitted to deny the title of his landlord at the time of the commencement of the relation," the common law being also that a tenant is

estopped to deny his landlord's title during the continuance of the tenancy. [1] Our statute limits that denial to the time of the commencement of the tenancy, but the great weight of authority supports the rule that the estoppel applies during the entire period of the tenancy. This estoppel, however, has certain well-defined exceptions, to wit, the extinguishment of the landlord's title by operation of law, such as an execution sale; also, the acquisition of title by the tenant through conveyances from the landlord. These exceptions, however, do not apply to this case.

[2] There is another well-defined exception to the rule estopping a tenant from denying a landlord's title, and that exception is given effect when the landlord, by the form of procedure instituted by him, puts his title in issue. Thus, if the landlord not only seeks possession of the premises, but asks that the title be vested in him, the tenant is not estopped from disputing the landlord's title, and may set up his own superior title. (35 C. J. 1232, sec. 575, note 32, and the cases there cited.) The rule as to this exception is very clearly set forth in the case of *Stevenson* v. *Rogers*, 103 Tex. 169 [Ann. Cas. 1912D, 99, 29 L. R. A. (N. S.) 85, 125 S. W. 1], to wit: "It is the general rule that in an action by the lessor, after the termination of the lease, for the possession of the leased premises, the tenant cannot dispute his landlord's title or right to possession without first surrendering the possession that he received under the lease. When, however, as in this case, the suit is to recover possession and to establish the title of the plaintiffs, whereby the title of the tenant would be destroyed, the latter may defend by showing a superior title in himself. (18 Am. & Eng. Ency. of Law, 2d ed., 421; 24 Cyc. 942; *McKie* v. *Anderson*, 78 Tex. 209 [14 S. W. 576]; *Bertram* v. *Cook*, 44 Mich. 397 [6 N. W. 868]; *Jochen* v. *Tibbells*, 50 Mich. 33 [14 N. W. 690]; *Dodge* v. *Phelan*, 2 Tex. Civ. App. 448 [21 S. W. 309].)" These limitations of the rule do not trench upon the rights of the landlord to have the possession of the premises restored to him before his title thereto can be put in issue by the tenant. The landlord under the rule is entitled to have his title to the premises litigated from the vantage ground of possession, but if he chooses to litigate his title

in the same action it would, as held in the case of *Jochen*
v. *Tibbells,* 50 Mich. 33 [14 N. W. 690], *supra,* give him
an undue advantage, for the reason if when the landlord
voluntarily puts his title in issue, the tenant is estopped
from denying the same, the judgment entered therein
would become a bar to any subsequent assertion of title
by the tenant and work a forfeiture or disseizin of his
property, if any ownership he had in the premises, without
opportunity to have his day in court. In *McKie* v. *Ander-
son, supra,* the law applying to the case at bar is thus
stated by the supreme court of Texas: "The rule, that a
tenant cannot deny his landlord's title, is limited to suits
for possession only, and does not apply in an action of tres-
pass to try title and for partition, in which the title itself
is put in issue." In *Hambey* v. *Wise,* 181 Cal. 286 [184
Pac. 9], the supreme court of this state, in considering the
exception to the rule limiting defenses that may be made
by a tenant, which we are here considering, held as fol-
lows: "Even if it be conceded that on March 17, 1916,
Wood was a tenant at will holding under Wise, and that,
by the written agreement entered into on that date be-
tween Wood and Hambey, Wood terminated the tenancy
at will and became the tenant of Hambey for a term cer-
tain, nevertheless Wood was not precluded from acquiring
title to the property from Wise, nor is he precluded from
setting up in this action any title he may have so acquired,
inasmuch as Hambey is not seeking to recover for the use
and occupation of the land under the lease, but has put
the title itself in issue," citing *Jochen* v. *Tibbells,* 50 Mich.
33 [14 N. W. 690], and *McKie* v. *Anderson,* 78 Tex. 207
[14 S. W. 576]. See, also, 15 Cal. Jur. 650, section 60,
where the following language is used: "While under sub-
division 4 of section 1962 of the Code of Civil Procedure
so providing, a tenant is not permitted to deny the title
of his landlord at the time of the commencement of the
relation, this statute permits the tenant to assert the land-
lord's subsequent loss of title, when circumstances recog-
nized by law justifying such a course have arisen."

In the case at bar the plaintiff, instead of confining his
action to one for possession merely, where the tenant
would be estopped to question title, as of the commence-
ment of the relation, or to tendering any issue affecting the

title of the plaintiff, the plaintiff has gone further and has sued to obtain a judgment against the defendant not simply for possession of the premises, but, in effect, quieting the plaintiff's title thereto and forever debarring the defendant from asserting title to the premises; thus, in effect, seeking a judgment to deprive the appellant of any ownership in said premises, if any he has, without permitting the appellant to have his day in court. This, we think, the law does not contemplate, and the landlord, if he seeks to avail himself of the advantages given him by statute, must limit the relief sought by him to the question of possession, and whatever rents or compensation he may be entitled to under the terms of the lease, and not, under cover of such action, seek to litigate other questions. It is but just to say that the argument of counsel upon this appeal would indicate that the rule limiting the defenses that may be made by a tenant is applicable only where the landlord by his action puts in issue only the question of possession and his rights arising under the lease was not called to the attention of the trial court.

The question whether the mining premises in question have or have not been withdrawn from location, sale, or entry, as indicated by counsel, cannot be determined by reason of the indefiniteness of the pleadings, and is not considered upon this appeal, further than to state that whatever the facts may be, if relied upon by either of the parties hereto, they should be set forth by amended pleadings. For the reasons herein stated the judgment is reversed.

Pullen, J., *pro tem.*, and Finch, P. J., concurred.