154

BELL, J. 1. Ordinarily a tenant cannot dispute the landlord's title nor attorn to another while in possession; but there is an exception to this rule where the landlord, after renting the premises to the tenant, has sold and conveyed the same to a third person and is not the owner at the time of proceeding against the tenant. In such a case, where the original landlord seeks to dispossess the tenant as for holding over beyond his term, the proceeding may be defeated upon the ground that the right is not in the original landlord but in the person holding under him. *Raines* v. *Hindman*, 136 *Ga.* 450 (71 S. E. 738, 38 L. R. A. (N. S.) 863, Ann. Cas. 1912C, 347); *Hindman* v. *Raper*, 143 *Ga.* 643(2) (85 S. E. 843); *Hines* v. *Lavant*, 158 *Ga.* 336 (3) (123 S. E. 611).

2. "If a plaintiff testify in his own behalf, and there are material conflicts and contradictions in his own testimony, he is not entitled to recover, unless that portion of his testimony which is least favorable to his contention is of such a character as to authorize a recovery in his behalf." *Horne* v. *Peacock*, 122 *Ga.* 45(2) (49 S. E. 722); *Steele* v. *Central of Ga. Ry. Co.*, 123 *Ga.* 237 (1) (51 S. E. 438); *Long Cigar & Grocery Co.* v. *Harvey*, 33 *Ga. App.* 236 (2) (125 S. E. 870). Applying this rule to the testimony of the plaintiff in the instant case, it is conclusive that after the contract of tenancy, he conveyed the premises by deed to a third person before instituting the proceeding to eject the defendant as a tenant holding over, and did not own the premises at that time. The verdict in his favor was therefore unauthorized, and the defendant was entitled to a new trial.

3. Even assuming that the testimony of the plaintiff would have authorized the inference that he had reacquired the property before the trial (but see *Holder* v. *Scarborough*, 119 *Ga.* 256 (46 S. E. 93); *Sikes* v. *Seckinger*, 164 *Ga.* 96 (3), 137 S. E. 833), it still was undisputed, in the evidence, that he had parted with his title and was not the owner of the premises at the institution of the dispossessory proceeding; and the general rule is that there can be no recovery unless the plaintiff has a complete cause of action at the time the suit is filed. *Deas* v. *Sammons*, 126 *Ga.* 431 (55 S. E. 170, 7 Ann. Cas. 1124); *Elmore* v. *Thaggard*, 130 *Ga.* 701 (3) (61 S. E. 726).

4. Since it is held that the verdict in favor of the plaintiff should have been set aside on the general grounds, it is unnecessary to pass upon the special grounds of the motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 14, 1928.

*W. I. Geer, P. Z. Geer,* for plaintiff in error.
*Lamar Cox,* contra.