[S. F. No. 13864. In Bank.—October 28, 1930.]

HAZEL MILO, etc., Respondent, v. LELAND S. PRIOR, Appellant.

Corbet & Selby for Appellant.

Hubbard & Hubbard for Respondent.

WASTE, C. J.—This is an action for damages for personal injuries suffered by the plaintiff in an automobile collision alleged to have been caused by the negligence of the defendant. Two other actions between other parties, based upon the same collision, were consolidated with this action for trial, all being tried upon the same evidence by the court sitting without a jury. The court gave judgment in each case, denying relief to each of the several plaintiffs and cross-complainants. In this action, judgment was announced for the defendant "without prejudice." The parties to this action waived findings of fact and, in conformity with its pronouncement, the court gave judgment for the defendant "without prejudice to plaintiff's bringing a new action herein, if so advised." Defendant prosecutes this appeal from the quoted portion of the judgment, contending that the action having been fully tried and submitted on the merits, the judgment should have been a final judgment between the parties, and not merely a judgment without prejudice.

The court below erred in entering such a judgment. A cause tried and submitted on its merits should never result in a judgment without prejudice. (*Parsons* v. *Riley,* 33 W. Va. 464 [10 S. E. 806].) The real issue between the parties upon this appeal concerns the order to be made by this court. The appellant argues that the judgment as entered is, in effect, a judgment in his favor, and that this court should therefore modify the same by striking therefrom as surplusage that portion declaring it to be without prejudice. In advancing this contention the appellant asserts that the objectionable part of the judgment is clearly severable from the remainder of the judgment, which has not been appealed from, and should, therefore, be stricken therefrom. In order to protect the respondent's rights in

the premises, appellant suggests that, as a part of the order of modification, we should reserve to the respondent the right, to be exercised within the statutory period, if she be so advised, to move for a new trial or to appeal from the judgment entered pursuant to our direction. ■ That an appeal may be taken from a judgment entered pursuant to the direction of an appellate court is well settled. (*Tuffree* v. *Stearns Ranchos Co.*, 124 Cal. 306, 310 [57 Pac. 69]; *Sala* v. *City of Pasadena*, 162 Cal. 714, 722 [124 Pac. 539].)

■ However, we are not prepared to conclude that the objectionable part of the judgment is severable. While the court should have given judgment on the merits without reservation or qualification, it is impossible to ascertain upon the record now before us whether or not the trial court, were it cognizant of its inability to enter a judgment "without prejudice," would have given judgment for the defendant. In other words, we cannot say upon this appeal that a judgment for appellant is the only judgment on the merits warranted by the evidence, nor that the trial judge was of the opinion that appellant was entitled to a judgment upon the merits. This being so, we must assume that the reservation must, of necessity, enter into and qualify each and every part of the judgment. The judgment is an entirety. (*Wanzer* v. *Self*, 30 Ohio St. 378.) ■ Though the entire judgment has not been appealed from, it may, nevertheless, be reviewed by an appellate court when the portion appealed from is not severable. (*In re Yoder*, 199 Cal. 699, 704 [251 Pac. 205]; *Whalen* v. *Smith*, 163 Cal. 360, 362 [Ann. Cas. 1913E, 1319, 125 Pac. 904].)

■ However, even if we were to assume that the objectionable part of the judgment is severable, appellant's proposal that there be reserved to respondent the right to move for a new trial or to appeal from the modified judgment does not protect her. After the judgment has been modified, as suggested by appellant, it is conceivable the record may be such that an order granting a new trial would amount to a gross abuse of discretion upon the part of the trial court, subject to reversal upon an appeal therefrom. Nor do we think an appeal from the modified judgment solves the problem. As a result of the trial court's oral pronouncement that judgment would be given for the

appellant "without prejudice" to the filing of a new suit, the respondent, apparently relying thereon, waived findings of fact and conclusions of law. In an action tried without a jury, findings are all important to a potential appellant. Had respondent known that judgment was to go for the appellant without reservation or qualification, undoubtedly she would have insisted on findings so as to better present her case on appeal from such unqualified judgment. Having thus prejudiced herself by reason of the trial court's error, she should not now be penalized to the extent of being required to appeal from a judgment unsupported by findings.

The judgment is therefore reversed and the trial court is directed to enter a judgment upon the merits between the parties hereto upon the evidence and record before it when the cause was submitted to it for decision.

Shenk, J., Richards, J., Seawell, J., Curtis, J., Preston, J., and Langdon, J., concurred.