[Civ. No. 10254. Second Appellate District, Division Two.—September 3, 1935.]

ELIZABETH SLACK et al., Appellants, v. METROPOLITAN TRUST COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

R. Bruce Murchison for Appellants.

Dryer, Castle & Richards and Sarau & Thompson for Respondents.

CRAIL, J.—This is an appeal by the plaintiffs from a judgment in an action based upon a mortgage certificate, i. e., a written contract on the part of the Security Investment Company to pay money to the plaintiffs, and an ancillary contract between the said company and the Metropolitan Trust Company, made for the benefit of the plaintiffs, whereby the trust company, it was alleged, agreed in case of default to pay the sum due on said certificate out of funds of the security company in the possession of the trust company. The case was tried on the merits, but after the evidence was closed the court held that before the plaintiffs could recover it was necessary for them to allege and prove that the trust company had moneys in its possession which were payable toward the plaintiffs' certificate at the time demand was made upon it. On two different occasions the plaintiffs moved the court for permission to amend their complaint for the purpose of setting up such allegation. The court denied said motions and rendered, first a judgment on the merits in favor of defendants, but finally it changed the judgment to read "without prejudice to plaintiffs to maintain another action against the defendants upon the mortgage certificate referred to in the complaint". It is the contention of the plaintiffs that the court erred in denying their motions for permission to amend the complaint and that the court erred in rendering a judgment "without prejudice".

It will be observed that the proposed amendment did not set up a new cause of action, neither did it in any way seek to change the nature of the action. Where justice will be served by permitting an amendment, and the rights of other parties are not prejudiced, a court may not arbitrarily

deny a motion to amend. Amendments should be liberally allowed in order to secure fair and speedy trials on the merits, and in this case the denial of the motion to amend was an abuse of discretion.

Likewise the court erred in refusing to render a judgment on the merits. The plaintiffs were knocking at the door, asking for justice. As it was said in olden time, "What man is there of you, whom if his son asked bread, will he give him a stone?" Chief Justice Waste, speaking for the court in the case of *Milo* v. *Prior,* 210 Cal. 569 [292 Pac. 647], said with more direct applicability, "A cause tried and submitted on its merits should never result in a judgment without prejudice."

Judgment reversed.

Stephens, P. J., and Fricke, J., *pro tem.,* concurred.