[Civ. No. 1609. Fourth Appellate District.—February 29, 1936.]

LAURA BELLE RESH, Respondent, v. LOUISE PILLS-BURY, Appellant.

E. C. Bowen and Albert E. Coger for Appellant.

McFadden & Holden for Respondent.

BARNARD, P. J.—The plaintiff conveyed three pieces of property by grant deed to the defendant William H. Pillsbury. His wife, the defendant Louise Pillsbury, claimed a community interest in these properties while the plaintiff claimed a life estate therein with the right to all income therefrom.

In this action which followed, the court found that, during the existence of this marriage, the defendant William H. Pillsbury had been for a number of years associated with and in the employ of the plaintiff; that she transferred these properties to him in consideration of services so rendered to her by him; that on August 3, 1933, the plaintiff employed a lawyer to act for her in making a settlement with William H. Pills-

bury; that she employed this lawyer to prepare deeds to the properties in question together with an agreement of mutual release; that it was there orally agreed between the plaintiff and William H. Pillsbury that the deeds should be immediately delivered by plaintiff to Pillsbury; that it was the intention of both parties that title should immediately pass and vest in Pillsbury; that it was orally agreed by both parties that during her lifetime the plaintiff should have the rents and profits from the three properties; that the three deeds were then executed and delivered to Pillsbury with the intention that they should be immediately effective; and that they were accepted by him with like intention. The findings then set forth the three deeds, all of which included a clause giving to the grantee all of the rents, issues and profits from the property granted. The court then found that as a part of the same transaction the attorney drew and the parties executed an agreement, which is set forth in the findings, providing that in consideration of these three deeds Pillsbury released the plaintiff from any and all claims of any description arising out of any prior transaction between them and the plaintiff released Pillsbury from any and all claims of whatsoever description arising out of any transaction theretofore had between them, and that this agreement was to constitute a full and complete settlement of all matters between the parties thereto.

The court then found that the plaintiff had for many years been a real estate broker with a large experience; that on October 12, 1933, Pillsbury agreed with the plaintiff that he would surrender to her the three deeds and the settlement agreement, and that they should be mutilated by another attorney; that at the same time these instruments were mutilated by drawing lines through the signatures thereto; that at the same time and place the plaintiff made a will in favor of the said Pillsbury; that these transactions of October 12, 1933, were had without the knowledge or consent of the defendant Louise Pillsbury; that the plaintiff has, since August 3, 1933, received all income from the three properties in question; that it is not true that the plaintiff was to retain said deeds or said agreement or any of them until her death; that she was not to retain the right of disposition of the properties described in the deeds; that it is not true that the plaintiff

did not know what was contained in the agreement of August 3, 1933, but that she was fully competent to execute said deeds and agreement; and that she executed and delivered the same with full knowledge, comprehension and understanding of each and all of said instruments.

From the facts so found the court drew the conclusions of law that title to the three parcels of realty passed to and vested on August 3, 1933, in the marriage community of William H. Pillsbury and Louise Pillsbury, subject to a life estate in the plaintiff; that the attempted cancellation of the deeds and agreement by mutilation on October 12, 1933, was void and did not affect the title to the real property; and that the plaintiff is entitled to the income from said real estate since August 3, 1933. Judgment was entered decreeing that the title to the property is vested in William H. Pillsbury and Louise Pillsbury as their community property, subject to a life estate in the plaintiff, and that neither of the defendants have any interest in the rents and profits accruing from said real estate since August 3, 1933. .

That appellant Louise Pillsbury has appealed from those portions of the judgment which award a life estate in the property to the plaintiff and which have the effect of depriving the defendants' of the rents and profits accruing from said real estate from and after August 3, 1933.

The appellant contends that certain conclusions of law, to the effect that the respondent Resh has a life interest in these properties and that the appellant and the other respondent are not entitled to the income therefrom, are based entirely upon the finding that it was orally agreed between the grantor and grantee named in these deeds that the grantor should have the rents and profits from the properties during her lifetime, and that it follows that the findings of fact do not support these conclusions or that part of the judgment which is appealed from.

We see no escape from the conclusion that the entire title to these properties passed upon the execution and delivery of these deeds. In *Winchester* v. *Winchester,* 175 Cal. 391 [165 Pac. 965], the court said:

"The conveyance from Elliot Winchester to L. E. Winchester, being in form a grant, bargain, and sale deed, its legal effect, according to its terms, was to immediately pass from

Elliot Winchester to L. E. Winchester the entire title in fee simple to the land described, the present absolute ownership thereof. (Civ. Code, secs. 679, 762, 1105.) The fee-simple estate thus passed included the present absolute right to all the rents and profits, free from any and every claim of the grantor thereto. The effect of the evidence introduced, if it could have the effect intended by the respondent, would be that instead of the deed being a conveyance of the entire fee, it would be a conveyance with a reservation to the grantor, during his lifetime, of the rents and profits of the land conveyed, to the amount of three hundred dollars a year. To the extent of the reservation of the rents during the life of the grantor, which constituted a substantial part of the fee-simple estate which the deed by its terms purported to convey, the agreement shown by parol evidence would have defeated the conveyance. Under the rule above stated it was incompetent and inadmissible for that purpose. The court below erred in so far as its decision was based on this parol evidence.''

The oral agreement that during her lifetime the grantor should retain the rents and profits from the properties was merged in the written instruments and was nullified thereby (Civ. Code, sec. 1625; Code Civ. Proc., sec. 1856). █ Evidence of the oral agreement was not admissible under these circumstances for the purpose of changing the effect of the deeds (*Lewis* v. *Brown,* 22 Cal. App. 38 [133 Pac. 331]). We cannot assume that there was any agreement that the deed should not be recorded and, in any event, such an agreement would have been void (*Lewis* v. *Brown, supra).* █ The destruction of the deeds some months after their execution and delivery could not operate as a reconveyance to the grantor named therein (Code Civ. Proc., sec. 1971). ''A destruction of the deed by the grantee after delivery would not affect its validity, nor operate as a reconveyance to the grantor.'' (*Hall* v. *Ferguson,* 8 Cal. App. (2d) 444 [47 Pac. (2d) 1073].)

█ The respondent Resh seeks to void the effect of the rules of law above referred to by contending that a confidential relationship existed between William H. Pillsbury and herself; that under the authority of such cases as *Knudson* v. *Adams,* 137 Cal. App. 261 [30 Pac. (2d) 608], a constructive trust appears; and that, under the facts found, the title

to these properties was impressed with an equitable life estate in her favor.    In answer to a similar contention the court, in *Dalbkermeyer* v. *Rader,* 96 Cal. App. 23 [273 Pac. 600], said:

"It may be conceded, as plaintiff contends, that where confidential relations exist between two parties, and one of them accepts a conveyance of real estate upon a parol promise that he will hold it for the benefit of the grantor, or for the benefit of some third person in whom the grantor is interested, *and there is no other consideration for the conveyance,* a trust arises by operation of law in favor of the grantor, or in favor of the third person for whom the property is to be held; . . . But the mere statement of the rule is sufficient to show its inapplication to the facts of the present case because, as indicated by the above italics, the application of the rule depends upon the proposition that there is no consideration for the conveyance other than the mere promise of the grantee to hold the title for the benefit of the grantor or some third person; and here defendant's joint tenancy estates were not conveyed to her for the benefit of someone else, but, as pointed out, were conveyed to her absolutely in consideration of future personal services which were performed for a period of five years, and also as a reward for faithful services rendered plaintiff without wages during the preceding five years.    And although no finding was made as to whether defendant was justified in discontinuing her services in 1924, the evidence, in our opinion, is amply sufficient to support the conclusion that, as she claims, she was warranted in so doing.    But whether or not such justification existed would seem to be of little importance in this suit to declare a constructive trust, because, even assuming that such legal grounds did not exist, the termination of her services amounted to no more than a breach of contract, involving no fraud, either actual or constructive, and there being a consideration for the conveyance, a constructive trust did not arise."

The trial court found that the deeds here in question were given in consideration of past services and as a part of a full and complete settlement of all matters between the parties. The evidence is not before us and nothing is brought to our attention which could throw any doubt upon the fact that an ample consideration for these deeds existed.    Assuming that there was a confidential relationship between the parties, there

is no showing of any kind that any such confidence was abused. In fact, it was found that the respondent Resh was represented by her own attorney who drew the deeds and the settlement agreement, and that both parties executed the instruments with a full knowledge and understanding of their contents. The essential elements necessary to constitute a constructive trust are lacking, and the only question is whether deeds so executed and delivered can be partially set aside upon evidence of a contemporaneous oral agreement which conflicts with the terms of the written instruments. In our opinion, there can be but one answer to that question.

The portions of the judgment appealed from are reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Marks, J., and Jennings, J., concurred.