[S. F. No. 18261. In Bank. July 8, 1952.]

AMERICAN ENTERPRISE, INC. ( a Corporation), Appellant, v. WALTER S. VAN WINKLE, Respondent.

212

Donahue, Richards, Rowell & Gallagher and George E. Thomas for Appellant.

Mancuso, Herron & Winn and John Wayne Herron for Respondent.

EDMONDS, J.—American Enterprise, Inc., brought an action in declaratory relief to determine its rights, and also those of Walter S. Van Winkle, under a lease. By certain provisions of the lease, in the event the property was taken for public use by a proceeding in eminent domain, the lessor might terminate the tenancy and take possession of the premises. Under such circumstances, the lessor was given the right to purchase for $10 certain fixtures and equipment. The judgment declares that the lease has been terminated

but that Van Winkle, the lessee, is the owner of and entitled to possession of the fixtures and equipment. The appeal of American Enterprise is from that portion of the judgment which concerns the rights of the parties to the personal property.

There is no conflict in the evidence. In 1939, American Enterprise leased to M. J. Russell real property for use as a bowling alley. The term of the tenancy was about 11 years. With the written consent of the lessor, Russell assigned his interest to Van Winkle.

The lease required the lessee to purchase, under a conditional sale contract, equipment for the operation of the bowling alley. He agreed to give the lessor a chattel mortgage on this equipment as security for the payment of rent. If the lease were terminated prior to its expiration, provided he were not in default, he might remove all trade fixtures. Also, under such circumstances, the lessor promised to pay to the lessee $750 and to release the chattel mortgage.

The lease made elaborate provision for disposing of the parties' interest in the leasehold in case the demised premises were taken for public use by right of eminent domain. If there were an ''actual taking, under eminent domain proceedings, of the whole . . . of the property of which the demised premises are a part,'' the lessee covenanted to deliver possession of the premises to the lessor or its successor within 30 days after receipt of written notice. The lessee, in return, was to receive a sum equal to $3,000 per year for each unexpired year of the term of the lease. In such event, the lessee further covenanted to sell to the lessor for $10 all of the bowling alley equipment and furnishings installed in or upon the premises.

In 1946, American Enterprise, by grant deed, conveyed the property to Sam Neider, its president. In the following year, the city of Oakland authorized condemnation of the property and threatened to commence an action for that purpose. By reason of such threat, but without an action having been instituted, Neider conveyed the property to the city.

One month later, American Enterprise served upon Van Winkle a notice to surrender possession. It notified him that the entire property had been taken in an eminent domain proceeding, demanded delivery of possession of the premises to American Enterprise and the execution of a bill of sale of the personal property.

The present action was commenced by American Enterprise more than two and one-half years after its deed to Neider. The complaint alleged that the city of Oakland had acquired the property by right of eminent domain, that American Enterprise had terminated the lease in accordance with the conditions contained therein, and that Van Winkle, wilfully and wrongfully, refused to abide by the terms of the notice.

In his answer, Van Winkle denied that the property had been taken in an eminent domain proceeding. As an affirmative defense, he alleged that American Enterprise "has divested itself voluntarily of all right, title and interest in said Lease and the terms, conditions and covenants thereof, and that said complaint does not state facts sufficient to constitute a cause of action against Defendant."

Upon trial, the court made findings of fact in accordance with the foregoing evidence. As conclusions of law, it determined that the sale of the property to the city, made under threat of condemnation, was within the contemplation of the parties in giving the lessor the right to terminate the lease. Other conclusions were that the notice served upon Van Winkle effectually terminated his tenancy and that he "is the owner of and entitled to the possession of" the personal property and equipment in the premises.

The judgment subsequently entered declares that Van Winkle's tenancy was terminated by the notice of American Enterprise and since that date it has been entitled to the possession of the premises. Another provision states that "Walter S. Van Winkle is the owner of and entitled to the possession of the bowling alley equipment, furniture and fixtures, and all of the personal property in and about said premises."

The appeal of American Enterprise is from only that portion of the judgment relating to the personal property and equipment. Van Winkle did not appeal.

The determination that Van Winkle "is the owner of and entitled to the possession" of the personal property is challenged by the lessor as failing to adjudicate the rights of the parties under the sale provision of the lease. For the purposes of argument, the appellant reads the judgment as holding that Van Winkle is not required to sell the equipment to it. This, it contends, is erroneous. The lease provision, it is said, constitutes an enforceable contract to sell and, in no sense, is a provision for forfeiture.

Van Winkle takes the position that the judgment correctly denies American Enterprise the right to purchase the personal property. To support this conclusion, he asserts that the appellant is without standing to prosecute this action because it conveyed all of its interest in the real property. His second point is that a sale of the real property under threat of condemnation does not amount to a taking of it in an eminent domain proceeding within the contemplation of the lease. Finally, he argues that, because the current market value of the fixtures and equipment is nearly $40,000, to require him to sell them for $10 would be to compel a forfeiture.

In reply, American Enterprise argues that its right to maintain this action as the lessor, and the question as to whether or not there has been a taking of the real property by a proceeding in eminent domain, are issues necessarily determined in that part of the judgment declaring its right to possession of the demised premises. Because Van Winkle has taken no appeal it says, the adjudication of those issues has become final.

The basic question, therefore, is the scope of review upon a partial appeal. The answer lies in a determination as to whether that portion specified in the notice of appeal is severable from the remainder of it. ▉ The well recognized rule is that there may be an appeal from a part of a judgment only if that part is severable. (Bancroft, Code Practice and Remedies, 8326, § 6267; *State* v. *Todd,* 117 Mont. 80 [158 P.2d 299, 300]; *Evans* v. *De Spain,* (Tex.Civ.App.) 37 S.W.2d 231, 233; *Cottier* v. *Sullivan,* 47 Wyo. 72 [31 P.2d 675, 678]; *Sterns* v. *Strom,* 68 Idaho 392 [195 P.2d 337]; 4 C.J.S. Appeal and Error 204, § 109.) ▉ Where portions of a judgment are truly severable, the appellate court is without jurisdiction to consider the parts from which no appeal has been taken. (*In re Burdick,* 112 Cal. 387, 391 [44 P. 734]; *G. Ganahl Lbr. Co.* v. *Weinsveig,* 168 Cal. 664, 667 [143 P. 1025].) And the appellate court will consider the portion before it independently of the other parts. (*Pacific Mutual Life Ins. Co.* v. *Fisher,* 106 Cal. 224, 231 [39 P. 758]; *In re Yoder,* 199 Cal. 699, 704 [251 P. 205]; *Denman* v. *Smith,* 14 Cal.2d 752, 755 [97 P.2d 451]; *Arp* v. *Blake,* 63 Cal.App. 362, 370 [218 P. 773]; *Swall* v. *Anderson,* 60 Cal.App.2d 825, 827 [141 P.2d 912]). ▉ Modification or reversal of the portion of the judgment from which the appeal has been taken has no effect upon the other portions. (*Pacific Mutual Life Ins. Co.* v.

*Fisher, supra,* at p. 232; *Lake* v. *Superior Court,* 187 Cal. 116, 119 [200 P. 1041]; *Smith* v. *Anglo-California Trust Co.,* 205 Cal. 496, 505 [271 P. 898]; *Neill* v. *Five C. Refining Co.,* 79 Cal.App.2d 191, 194 [179 P.2d 818].)

█ The test of whether a portion of a judgment appealed from is so interwoven with its other provisions as to preclude an independent examination of the part challenged by the appellant is whether the matters or issues embraced therein are the same as, or interdependent upon, the matters or issues which have not been attacked. (*Blache* v. *Blache,* 37 Cal.2d 531, 538 [233 P.2d 547]; *Cottier* v. *Sullivan, supra,* at p. 678; *Warren Mercantile Co.* v. *Myers,* 48 Wyo. 232 [45 P.2d 5, 6]; *Stout* v. *Oliveira,* (Tex.Civ.App.) 153 S.W.2d 590, 594.) "[I]n order to be severable, and therefore appealable, any determination of the issues so settled by the judgment . . . must not affect the determination of the remaining issues whether such judgment on appeal is reversed or affirmed. . . . Perhaps another way of saying it would be that the judgment is severable when the original determination of those issues by the trial court and reflected in the judgment or any determination which could be made as the result of an appeal cannot affect the determination of the remaining issues of the suit. . . ." (*Attorney General* v. *Pomeroy,* 93 Utah 426 [73 P.2d 1277, 1294, 114 A.L.R. 726].)

█ Measured by this rule, the portions of the judgment in the present case which declare the rights of the parties to the realty and to the personalty are inseparable upon the issue as to whether there was a taking of the property in an eminent domain proceeding and the right of American Enterprise to bring this action. Clearly, if there was no taking of the property within the meaning of the lease, or if American Enterprise cannot enforce the lessor's rights under the lease, then it is not entitled either to the realty or to enforce a sale of the personalty. These issues permeate both portions of the judgment.

In some states, when an appeal is taken from a portion of a judgment which cannot be separated from the remainder of it, the court will decline to hear the appeal and will dismiss it. (*Cottier* v. *Sullivan, supra,* at p. 678; *Warren Mercantile Co.* v. *Myers, supra,* at p. 7; *Maxham* v. *Berne,* 88 Wash. 158 [152 P. 673].) █ However, in California, such an appeal brings before the reviewing court all of the nonseverable portions. (*Blache* v. *Blache, supra,* at p. 538; *Rediker* v. *Rediker,*

35 Cal.2d 796, 798 [221 P.2d 1, 20, A.L.R.2d 1152]; *Estate of Murphey*, 7 Cal.2d 712, 717 [62 P.2d 372]; *Hollywood Cleaning & P. Co.* v. *Hollywood Laundry Service*, 217 Cal. 131, 138 [17 P.2d 712]; *Milo* v. *Prior*, 210 Cal. 569, 571 [292 P. 647]; *Halsted* v. *First Savings Bank*, 173 Cal. 605, 609 [160 P. 1075]; *Lucich* v. *Lucich*, 75 Cal.App.2d 890, 897-898 [172 P.2d 73]; *Bailey* v. *Bailey*, 60 Cal.App.2d 291, 293 [140 P.2d 693]; *cf. Brydon* v. *City of Hermosa Beach*, 93 Cal.App. 615, 621 [270 P. 255].) ▉ Of course, where several persons are affected by a judgment, the reviewing court will make no determination detrimental to the rights of those who have not been brought into the appeal. As to such persons, the appeal will be dismissed. (*Pacific Mutual Life Ins. Co.* v. *Fisher, supra*, at pp. 230-231; *Miller* v. *Thomas*, 71 Cal. 406, 407 [12 P. 432].)

The appellant relies upon the rule of res judicata. ▉ ''Ordinarily that doctrine is applicable to issues which have been determined by final judgment in another action. It is not effective when there has been as yet no final judgment on all the issues between the parties.'' (*Pillsbury* v. *Superior Court*, 8 Cal.2d 469, 472 [66 P.2d 149].) ▉ Implicit in any holding that a portion of a judgment by its finality controls the disposition of another portion upon appeal is the conclusion that the same issues permeate both portions and that they are not severable. To give that part of the judgment not specified by American Enterprise's notice of appeal the effect which it seeks would be to disregard the settled rule of the many cases which hold that an appeal from a nonseverable portion of a judgment brings to the appellate court for review *all* of the interwoven parts.

Contrary to the contention of the appellant, there is no inconsistency in this conclusion and the holding in *Moore* v. *Wood*, 26 Cal.2d 621 [160 P.2d 772]. There, an action was brought by Moore to declare his rights and those of Wood under a mining contract. By their agreement, Moore was to bear all expenses necessary to put the mine into production. His development of the mine was interrupted by an order of the War Production Board which prevented him from acquiring essential materials. A subsequent order prohibited all mining operations. The judgment of the trial court declared Moore to be liable for the expense of maintaining the mine prior to the latter order, but declared that such expense, after that date, should be divided between Moore and Wood.

Wood's appeal was from only that portion of the judgment which declared a division of liability after the shutdown

order. Neither during the trial, nor on appeal, did Moore challenge the declaration that the expense of maintaining the mine prior to the shutdown order was to be included among his liabilities for "expenses necessary to put the mine into production." Instead, he attempted to distinguish between the effects of the two orders, claiming the one shutting down the mine was a prohibition which excused his performance under the doctrine of impossibility. Thus, Moore did not challenge the correctness of the determination of the issue of his liability for maintenance expense prior to the shutdown order, and no question was raised concerning its binding effect upon the portion of the judgment from which the appeal was taken. Any language to the contrary necessarily is dictum.

The appellant correctly contends that the trial court erroneously failed to determine all of the rights under the lease. The judgment does not declare the rights of the parties under the provision which permits the lessor to purchase for $10 all of the bowling alley equipment in the event the lease is terminated by a taking of the realty in an eminent domain proceeding. In an action for declaratory relief, the proper function of the court is to make a full and complete declaration, disposing of all questions of rights, status or other legal relations encountered in construing the instrument before it. (Anderson, Declaratory Judgments, pp. 175-176, 492; Code Civ. Proc., § 1060; see, also, *Weber* v. *Marine Cooks' & Stewards' Assn.*, 93 Cal.App.2d 327, 339 [208 P.2d 1009].) Here the issue concerning the rights of the parties in regard to the personal property was raised by the pleadings and should have been determined by the trial court in construing the lease. The failure to do so was error. However, in view of the uncontradicted evidence presented by the record, it is not necessary to reverse the judgment.

The constitutional and statutory provisions which empower this court to affirm, modify or direct the entry of a final judgment are to be liberally construed to the end that a cause may be disposed of on a single appeal. (Cal. Const., art. VI, § 4¾; Code Civ. Proc. §§ 53, 956a; *Tupman* v. *Haberkern*, 208 Cal. 256, 265 [280 P. 970]; *Gudger* v. *Manton*, 21 Cal.2d 537, 547 [134 P.2d 217]; *Culjak* v. *Better Built Homes, Inc.*, 58 Cal.App.2d 720, 725 [137 P.2d 492].) The judgment should be modified to state clearly the rights of the parties under the sale provision of the lease.

American Enterprise, by grant deed conveyed its interest in the property to Sam Neider, its president, who in turn conveyed the property to the city of Oakland. █ In the absence of some exception, limitation or reservation, a grant deed is presumed to convey the grantor's entire interest. (Civ. Code, § 1105; *Taylor* v. *Avila,* 175 Cal. 203, 206 [165 P. 533]; *Winchester* v. *Winchester,* 175 Cal. 391, 394 [165 P. 965]; *Resh* v. *Pillsbury,* 12 Cal.App.2d 226, 228 [55 P.2d 264].) █ The rule which forbids a lessee from disputing his lessor's title (Code Civ. Proc., § 1962[4]) has no application to the situation shown by the present record. Here the lessor's ownership was terminated by its act done after the landlord-tenant relationship commenced, and the lessor, by bringing the action, placed its title in issue. (*Collier* v. *Johnson,* 79 Cal.App. 322, 325 [249 P. 217]; *Hancock Oil Co.* v. *Hopkins,* 24 Cal.2d 497, 507 [150 P.2d 463]; *Childress* v. *Smith,* 227 Ala. 435 [150 So. 334, 335]; *Backey* v. *Grow,* 38 Ga.App. 154 [142 S.E. 913]; *Melchor* v. *Casey,* 173 Miss. 67 [161 So. 692, 696]; *Warner Bros. Theaters* v. *Proffitt,* 329 Pa. 316 [198 A. 56, 58]; 51 C.J.S. 927.) █ Having conveyed its interest in the real property, American Enterprise may not enforce any of the rights of the lessor under the lease. Accordingly, a proper determination of the rights of the parties should include a declaration that American Enterprise is not entitled to enforce a sale of the personal property.

█ Because, for the reasons which have been stated, the entire judgment is reviewable upon this appeal, there must also be considered the disposition to be made of the provision which declares that American Enterprise is entitled to possession of the real property. · That determination should be disturbed only if, upon an examination of all the circumstances, it clearly appears that a reversal is necessary to do justice. (*Blache* v. *Blache, supra,* at p. 538.)

█ Among the considerations which might justify a reversal of the judgment, insofar as it concerns the real property, is that the determination in that regard is inconsistent with the denial to American Enterprise of the right to purchase the personal property. For, if American Enterprise is to be denied one right because it is not the lessor, it should also be denied other rights which are exclusively those of the lessor. Also, it might be unjust to Van Winkle that, as between him and American Enterprise, he is denied possession of the premises.

On the other hand is the very important consideration that the rights of third persons may have intervened. As counsel have stated in oral argument, others have changed their positions in reliance upon the apparent finality of that part of the judgment.

Also, Van Winkle's failure to appeal indicates his acquiescence in the judgment. Clearly, there devolves upon a litigant the duty to appeal from a judgment with which he has serious dissatisfaction. In each of the cases cited by the respondent, the reversal of the part of the judgment not challenged by the appellant was concurrent with a reversal of the interwoven portions included in his notice of appeal. (*Blache* v. *Blache, supra*; *Estate of Murphey, supra*.) But there is a sound distinction between those cases and the present one, because the failure to take an appeal demonstrates only satisfaction with the judgment *as is*, not as changed by a partial reversal. One may elect to stand upon a judgment which, he believes, although largely in his favor, does not give him all of the benefits to which he is entitled. To avoid the time and expense of further litigation, he may be persuaded to permit the unfavorable portions to stand in reliance upon the benefits received in the other parts. In such instance, to do justice a reversal of the portion from which the appeal was taken might require a reversal of other provisions.

 In the present case, however, no such situation is presented. Upon an affirmance of the provision of the judgment declaring the rights of the parties to the realty, respondent's position will be no worse than at the time the judgment was given. Moreover, Van Winkle has continually disclaimed any desire to change that portion of the judgment. These circumstances compel the conclusion that, in the interests of justice this part of the judgment should be affirmed. But for the reasons which have been stated, the portion of the judgment which declares the rights of the parties to the personal property is modified to read as follows:

"2. That defendant Walter S. Van Winkle is the owner of and entitled to the possession of the bowling alley equipment, furniture and fixtures, and all of the personal property in and about said premises; and that plaintiff American Enterprise, Inc., is without right to enforce a sale thereof."

These conclusions make it unnecessary to discuss the other contentions raised by the parties.

As so modified, the judgment is affirmed, the respondent to recover costs on appeal.

Gibson, C. J., Schauer, J., Traynor, J., and Spence, J., concurred.

Shenk, J., concurred in the judgment.

CARTER, J.—I concur in the conclusion reached but not in the reasoning in the majority opinion. I agree that the parts of the judgment dealing with the real property and personal property are not severable, and that it is necessary to decide the question of severability even though the judgment is modified rather than reversed, because otherwise we are met with the contention that the real property part, from which no appeal has been taken, is res judicata on the question of whether American Enterprise had standing to sue, inasmuch as it conveyed the land which carried the lease with it before suit. If the judgment is not severable then it would not be res judicata because that very doctrine is refuted by the cases holding that a nonappealed part of a judgment is reversible when an appeal is taken from another part where the parts are inseparable. Where they are separable then the nonappealed part is res judicata. Thus in the instant case one of the matters determined, and necessarily so, related to the nonappealed real property part, that is, whether American Enterprise had a standing to sue since it had transferred the property. This would be res judicata as to the right to sue as to the personal property because the transfer also stripped American Enterprise of the right to sue with regard to the personal property, unless it is held that the judgment is not severable. In that connection the foregoing reason (nonseverability) is a proper one for not applying res judicata, but it is not proper to say further, as does the majority, quoting from *Pillsbury* v. *Superior Court*, 8 Cal.2d 469, 472 [66 P.2d 149], that res judicata is applicable only to issues determined in another action but not to a part of the issues in the same action. Furthermore, it is not necessary to the opinion to decide, that even though not severable, the nonappealed part will not be reversed because "justice" does not require it. I say it is not necessary, for the majority opinion gives other specific reasons for not reversing the nonappealed part, namely, that neither party is objecting to or

injured by the nonappealed part and the rights of third parties have intervened in reliance upon it.

Those same reasons are sufficient justification for the modification of the judgment as to the personal property in spite of the fact that it is inconsistent with the real property part and nonseverable from it. The trial court found that the defendant was the owner of the personal property. The majority opinion merely adds by way of modification that plaintiff does not have a right to buy it because it transferred the real property and its rights under the lease before the action was commenced. Hence the case is no different than if the trial court had placed that added provision in its judgment. The judgment reads that plaintiff is entitled to the possession of the real property although it had transferred legal title to it before suit, but that it has not the right to buy the personal property because it had transferred that right. Plaintiff appeals from the latter part, claiming correctly, that it is inconsistent with the former part and the former is res judicata and hence it is entitled to a reversal. We could not reverse the latter part without also reversing the first part unless the judgment is severable. We should either affirm or reverse the judgment as a whole if it is not severable, because defendant could properly complain that he should have the first part reversed also if the second is reversed. We may affirm, however, for the reasons heretofore mentioned that neither party is claiming injury from the real property part.

Therefore, since it is unnecessary to reverse any part of the judgment, the discussion as to the effect of an appeal from a portion of a severable judgment is dictum. The judgment being not severable, it must be reviewed as a whole on the appeal from a nonseverable portion thereof.