[Civ. No. 5907.   Fourth Dist.   Jan. 12, 1959.]

HENRY WILLIAMS et al., Appellants, v. JOHN G. DENVER et al., Respondents.

Robert A. Schwamb and Galvin R. Keene for Appellants.

Arthur M. Bradley for Respondents.

SHEPARD, J.—In May, 1955, Henry and Mildred M. Williams (hereinafter called plaintiffs) made a contract partly in writing and partly oral with John G. and Maryesther Denver (hereinafter called defendants) by which defendants were to purchase and operate a bail bond business, which we will hereinafter call the ''Webb'' business.   The purchase was

made with money advanced by plaintiffs. Ostensibly, the business was to be owned by defendants but actually defendants were to act as the agents of plaintiffs, both in the purchase and operation. Plaintiffs were already operating another bail bond business in their own name, so that with the new purchase they became the owners of two bail bond businesses. The one which they operated under their own name we will hereinafter refer to as the "Williams" business.

Defendants agreed to deposit all receipts of the Webb business with Elliott and Murray, as trustees, and all business expenses and disbursements were to be made from such trust account. Defendants were to receive as compensation $100 per week plus all expenses, plus 10 per cent of all premium charges received in both the Webb and the Williams businesses. One half of this percentage was to be deposited in a special trust savings account, also in the name of Elliott and Murray as trustees, to be held by the trustees for use by defendants in the ultimate intended purchase of an interest in both businesses.

Disputes resulting from alleged failure to pay into the trust fund, failure to pay compensation to defendants, failure on the part of both parties to render accounts, and other dissatisfaction resulted in the filing of this action for rescission, for an accounting, and for declaratory relief respecting the ownership of the businesses. After hearing extensive evidence the trial court rendered judgment denying an accounting and covering other matters not the subject of this appeal, adjudging plaintiffs the owners of both businesses, and decreeing that an independent agreement separate and different from the original agreement had been negotiated with the ultimate purpose of defendants buying both businesses from plaintiffs; that $6,000 had been paid thereon but that this last separate agreement was never completed and, therefore, the $6,000 paid thereon should be returned by plaintiffs to defendants. Plaintiffs have appealed from the portions of the judgment last above noted.

The court found, among other things, that defendants failed to deposit the receipts of the Webb business in the trustee account as agreed; that defendants failed to keep accounts as agreed; that plaintiffs failed to pay the amounts agreed to be paid to defendants and failed to furnish defendants with an accounting of premiums collected in the Williams business. After an examination of the entire record we are satisfied that there is substantial evidence to support these findings.

In this connection, it must be particularly noted that plaintiff Henry Williams in his own testimony placed the reason for his failure to pay into the trust account and failure to account on the ground that he had no such obligation, and not on the ground of prior default by defendants.

As a result of these findings the trial court apparently found that the plaintiffs had not come into equity with clean hands and were, therefore, not entitled to an accounting. (*DeGarmo* v. *Goldman,* 19 Cal.2d 755, 765 [6] [23 P.2d 1] ; *Richman* v. *Bank of Perris,* 102 Cal.App. 71, 82, 83 [4] [5] [282 P. 801].)

Since the plaintiffs have taken the position that the evidence is insufficient to support the findings, the plaintiffs must affirmatively show that there is no competent evidence to support these findings. Their recital of evidence favorable to them is of no avail. (*Nichols* v. *Mitchell,* 32 Cal.2d 598, 600 [197 P.2d 550] ; *Zainudin* v. *Moizel,* 119 Cal.App.2d 265, 270 [9] [259 P.2d 460].) This is true even though an appellate court should believe that the preponderance of the evidence is contrary to the trial court's findings. (*Freeland* v. *Jewel Tea Co.,* 118 Cal.App.2d 764, 768 [2] [258 P.2d 1032].)

A second cause of action asks for declaratory relief as to the ownership of the "Webb" business. The court found on sufficient evidence that there had been negotiations and an incomplete effort by defendants to buy the businesses from plaintiffs; that $6,000 had been paid thereon by defendants to plaintiffs and that this sum should be returned because the transaction was never completed; and that the defendants are not the owners of either of the businesses. This order for the return of the $6,000 is based on an action for declaratory relief, which is entirely different from the cause of action in rescission and accounting, and is one in which the court is not mandatorily controlled by the same rules as those involved in an action for rescission and accounting. It must be noted that if this court took the view of the evidence that is taken by plaintiffs then all of the matters subject to this portion of the action were inextricably interwoven and a reversal of any part would compel the reversal of the whole judgment, and the whole matter would have to be sent back for an entirely new trial. (*American Enterprise, Inc.* v. *Van Winkle,* 39 Cal.2d 210, 217 [4] [246 P.2d 935].)

However, as we view the evidence, it was entirely reasonable to conclude that the payment of $6,000 was pursuant to separate negotiations by which the parties unsuccessfully sought to bridge over all their troubles with an entirely

new contract. We, therefore, cannot disturb the trial court's conclusion.

"When the construction of an oral contract or of an uncertain written agreement is with the aid of testimony not unreasonable or inconsistent with the evidence, the conclusion of the trial court will not be disturbed." (*Estate of Guasti*, 117 Cal.App.2d 612, 617 [4b] [256 P.2d 629].)

The judgment is affirmed.

Griffin, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied February 6, 1959, and appellants' petition for a hearing by the Supreme Court was denied March 11, 1959.